UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

**JOSHUA D. MUSIC,**

    **Plaintiff,**

v.      NO. 2:20-cv-00046

**STEVEN D. QUALLS, et al.,**

    **Defendants.**

## MEMORANDUM OPINION

Joshua D. Music, a Tennessee resident, filed a *pro se* Complaint under 42 U.S.C. § 1983 against General Sessions Judge Steven D. Qualls, R. Steven Randolph, and the Putnam County Sheriff's Department ("PCSD"). (Doc. No. 1.) He also filed an application to proceed without prepaying costs and fees. (Doc. No. 2.) The case is before the Court for consideration of the application and an initial review of the Complaint.

### I. Application to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Music is unemployed and has only a small income from the U.S. Navy Reserves. (Doc. No. 2.) His basic expenses exceed income. (Id.) He has no bank account balance, significant assets, or significant discretionary expenses. (*Id*.) It therefore appears that Music cannot pay the full filing fee in advance without undue hardship. Accordingly, the *in forma pauperis* application will be granted.

### II. Initial Review of the Complaint

The Court must conduct an initial review of the complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B); see also McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997) (holding the screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

### A. Standard of Review

In reviewing the complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept "unwarranted factual inferences," DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (quoting Gregory v. Shelby Cty., 220 F.3d 433, 446 (6th Cir. 2000)), or "legal conclusions masquerading as factual allegations." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383; Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not

2

Case 2:20-cv-00046   Document 4   Filed 08/24/20   Page 2 of 6 PageID #: 16

"to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B.     Factual Background**

In March 2020, attorney R. Steven Randolph filed a petition for custody of Music's daughter in Putnam County General Sessions Court. (Doc. No. 1 at 5.) Judge Stephen D. Qualls presided over the child custody case. (Id.) The parties filed motions that Judge Qualls resolved. (Id.) Judge Qualls held a hearing concerning a temporary parenting plan. (Id.) Music asserted his constitutional rights and Judge Qualls gave a different interpretation of those rights. (Id.) Judge Qualls considered the arguments of the parties and awarded Music custody of his daughter for eight days per month. (Id.) Music also alleges that, on July 27, 2020, the PCSD made him go through a metal detector at the courthouse and hand over certain property under threat of being "thrown out of the courthouse." (Id.)

**C.     Analysis**

Music sues Randolph, Judge Qualls, and the PCSD under Section 1983. (Id. at 7-8.) Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cty., 763 F.3d 592, 595 (6th Cir. 2014).

1.     Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377

(1994)). The "domestic relations exception" to subject-matter jurisdiction precludes federal courts from hearing cases that "involv[e] the issuance of a divorce, alimony, or child custody decree." Alexander v. Rosen, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992)). The exception applies when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." Id. (quoting Chevalier v. Estate of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015) (citation omitted)). "When analyzing the applicability of the domestic-relations exception, [the Court] must focus on the remedy that the plaintiff seeks." Chevalier, 803 F.3d at 797 (citing Catz v. Chalker, 142 F.3d 279, 292 (6th Cir. 1998), overruled on other grounds by Coles v. Granville, 448 F.3d 853, 859 n.1 (6th Cir. 2006)).

The domestic relations exception precludes the Court's consideration of Music's claims against Randolph and Judge Qualls. These claims entirely concern the child custody proceeding. (See Doc. No. 1 at 5.) As a remedy for these claims, Music expressly seeks modification of the state court child custody order to "half time with [his] daughter." (Id. at 8.) The Court understands this to be "a request for a favorable determination of 'who should have care for and control' [Music's child]." Carter v. Dep't of Children Servs., No. 3:19-cv-00856, 2020 WL 636574, at *2 (M.D. Tenn. Feb. 10, 2020) (quoting Chevalier, 803 F.3d at 797). Music thus asks the Court not only to construe federal law, but to construe and modify the terms of his state child custody order. Alexander, 804 F.3d at 1206 (citing McLaughlin v. Cotner, 193 F.3d 410, 414 (6th Cir. 1999)). The "domestic relations exception was designed to prevent" the Court from "entangling" itself in these very questions of state law. Alexander, 804 F.3d at 1206. The request made by Music is, therefore, "outside the jurisdiction of the federal courts." Chevalier, 803 F.3d at 797 (citing Catz, 142 F.3d at 292); see also Hughes v. Hamann, 23 F. App'x 337 (6th Cir. 2001) (affirming dismissal

of *pro se* civil rights action seeking "a declaration that [the plaintiff's] rights have been violated" and "a decision on the merits of the custody issue"); Carter, 2020 WL 636574, at *3 (dismissing *pro se* claims seeking to modify results of child custody proceedings). Accordingly, Music's claims against Randolph and Judge Qualls must be dismissed without prejudice for lack of subject-matter jurisdiction.

2. Claims Against Putnam County Sheriff's Department

The domestic relations exception does not apply to Music's claims that the PCSD made him go through a metal detector and hand over certain property under threat of being ejected from the courthouse. (Doc. No. 1 at 5.) However, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a [Section] 1983 suit," because they are not municipalities or legal entities separate from the county. See Mathes v. Metro. Gov't of Nashville & Davidson Cty., No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases). As this Court has explained:

> Tennessee statutory law explicitly permits lawsuits against counties, Tenn. Code Ann. § 5-1-105 ("Suits may be maintained against a county for any just claim, as against other corporations."), but there is no analogous provision for sheriff's departments. In fact, state law specifically provides that *counties* may be sued for the actions of sheriff's deputies; it does not mention sheriff's departments, and it does not authorize suits against sheriffs individually. Tenn. Code Ann. § 8-8-302 ("Anyone incurring any [injury caused by] any act or failure to act on the part of any deputy appointed by the sheriff may bring suit *against the county* in which the sheriff serves. . . .'" (emphasis added)); id. § 8-8-301 ("No sheriff . . . shall be liable for any [injury caused] by any act or failure to act on the part of any deputy. . . .").

Id. (emphasis in original). Thus, Music's claims against the PCSD must be dismissed because the PCSD "is not a suable entity" under Section 1983. Loftis v. Putnam Cty. Sheriff's Dep't, No. 2:16-cv-00029, 2016 WL 3180294, at *2 (M.D. Tenn. June 7, 2016).

5

Liberally construing the *pro se* Complaint, the Court infers that Music also intended to bring claims against Putnam County, which is subject to suit under Section 1983. See Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). Under Section 1983, a county cannot be held liable under a theory of *respondeat superior* or vicarious liability. Connick v. Thompson, 563 U.S. 51, 60 (2011). Rather, Music must allege: (1) that he suffered a constitutional violation; and (2) that a policy or custom of Putnam County directly caused the violation. See Hadrick, 876 F.3d at 243 (citing Monell, 436 U.S. at 690-92); Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013).

Here, Music alleges that PCSD employees violated his rights on July 27, 2020, by subjecting him to metal detectors and requiring him to turn over certain property or be removed from the courthouse. However, Music makes no allegation of any custom or policy of Putnam County behind these alleged constitutional violations. This is insufficient to plausibly allege a Section 1983 claim against Putnam County. Accordingly, these claims must be dismissed for failure to state a claim.

**IV.   Conclusion**

For the reasons stated above, the Court does not have subject-matter jurisdiction over Music's claims against Randolph or Judge Qualls. These claims will be dismissed without prejudice. In addition, Music fails to state a colorable claim against the Putnam County Sheriff's Department or Putnam County. These claims will be dismissed with prejudice.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6

Case 2:20-cv-00046   Document 4   Filed 08/24/20   Page 6 of 6 PageID #: 20